(7 App. Div. 288)

### EASTON v. DURLAND'S RIDING ACADEMY CO.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. ATTACHMENT—SUFFICIENCY OF AFFIDAVITS.
 Affidavits are sufficient to sustain an attachment, where one made by plaintiff states that he is entitled to recover the sum claimed, above all counterclaims known to him; another, by one of plaintiff's assignors, states that plaintiff's affidavit is true, to affiant's knowledge, and that plaintiff is entitled to recover the sum claimed; and a third, by an employé of plaintiff's assignors, who was familiar with the assignors' business, states that plaintiff was entitled to recover the amount claimed for goods sold to defendant by the assignors.

2. SAME—ASSIGNEE FOR BENEFIT OF CREDITORS—FAILURE TO FILE BOND.
 Failure of an assignee for benefit of creditors to file his bond before commencing an action is no ground for vacating an attachment issued therein, as the legal title to the assigned estate vests in him on execution and delivery of the assignment, and Laws 1887, c. 503, § 5, providing that an assignee shall within 30 days after the date of the assignment, and before he shall have any power "to sell, dispose of or convert to the purposes of the trust in any of the assigned property," enter into a bond, does not prevent him from taking possession of the assigned property before giving bond.

Appeal from special term, New York county.

Action by Charles Philip Easton, as assignee for benefit of creditors, against Durland's Riding Academy Company. From an order denying a motion to vacate an attachment, Eliza H. McCullough and others, junior attaching creditors, appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, and INGRAHAM, JJ.

A. J. Dittenhoefer and F. B. Jennings, for appellants.
John M. Bowers, for respondent.

INGRAHAM, J. The affidavits are clearly sufficient to justify the attachment. The plaintiff swears that he is entitled to recover the sum claimed over and above all counterclaims known to plaintiff. This is the only fact as to counterclaims that the Code (section 636, subd. 1) requires should be stated. The sum demanded must be over and above counterclaims known to plaintiff, not known to others. Here there was also an affidavit of William Y. Frazee, one of the plaintiff's assignors, in which he states that the affidavit of plaintiff is true to deponent's knowledge, and that plaintiff is justly entitled to recover for the causes of action set forth in said affidavit "the sum claimed to be due plaintiff by said affidavit, with interest as set forth in said affidavit, over and above all counterclaims, discounts, and set-offs." Annexed to that is an affidavit of one Fuller, an employe of plaintiff's assignor, who has been familiar with the sales of merchandise of the defendant, and he knows that the balance of $12,000 is due by said defendant to plaintiff as the purchase price agreed to be paid for said merchandise, and that the statements of the plaintiff as to sales and amount due him are correct. These affidavits, taken together, are clearly sufficient to justify the granting of the attachment. The criticism upon these affidavits by counsel for the moving party is hypercritical and unsubstantial. It is quite clear that both Frazee and Fuller intended to verify the sale of the goods by plaintiff to defendant, and to state that the allegations in plaintiff's affidavit as to such sale were true to their own knowledge.

The fact that the plaintiff, as assignee, had failed to file his bond as assignee before commencing the action, is no ground for vacating this attachment. Upon the execution and delivery of the assignment the legal title to the property in the assignor vested in the assignee. The legal title vested in him from the execution and delivery of the assignment. Having thus the legal title, he was entitled to the possession of the property assigned to him, and entitled to enforce any of the remedies proper for the owner of property to obtain possession of it. This claim against the defendant, upon which he bases his suit, thus became vested in the assignee, and he became entitled to take possession of it, and collect it, unless the general assignment act restricts his right to take such possession. Section 5 of the general assignment act (Laws 1887, c. 503) provides that "the assignee named in any such assignment shall, within thirty days after the date thereof, and before he shall have any power or authority to sell, dispose of or convert to the purposes of the

trust, any of the assigned property, enter into a bond," etc. The language, "to sell, dispose of, or convert to the purposes of the trust," does not include taking possession of the property assigned to him to preserve the same, nor is there anything in the section that prevents the legal title vesting in the assignee. By the use of the word "convert" the legislature evidently intended to restrain the assignee from paying any of the money or disposing of any of the property assigned to him for the purposes of the trust until he should have filed his bond. But to say that he could not take possession of the property to preserve it would be to allow the property to be at the risk of any one taking it during the period within which he is able to give a bond. To say that an assignee would only take the possession of a chose in action, and could not take any measures to enforce it, so that the amount due could be recovered for the estate, would, in many cases, as in the case at bar, render the chose in action of no value.

We think the order below was right, and should be affirmed, with $10 costs and disbursements. All concur.